UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIGUEL ROSAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY CAFE DINERS MORROW ) <br> LLC, ) <br> ) <br> Defendant, ) <br> _____ ) | Case No. _____ |

## COMPLAINT

Plaintiff Miguel Rosas files this complaint against City Cafe Diners Morrow LLC ("City Cafe") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and for breach of contract to recover unpaid wages, unpaid overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Georgia.

2. City Cafe is a limited liability company with its principal place of business at 1869 Mt. Zion Road, Morrow, Georgia 30260 in this judicial district and division.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.  City Cafe transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

5. Plaintiff was a non-exempt employee who worked for City Cafe as an hourly-paid employee throughout the period of September 2015.

6. At all times throughout the relevant period, Plaintiff was an "employee" of City Cafe and covered under the FLSA, 29 U.S.C. §§ 201 *et seq*.

7. At all times during the relevant period, City Cafe was the "employer" of Plaintiff.

8. At all times during the relevant period, City Cafe had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

9. During the relevant period, City Cafe was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

## FACTS

10. City Cafe operates a restaurant located at 1869 Mount Zion Road, Morrow, Georgia 30260.

11. Plaintiff was a non-exempt employee under the FLSA whose primary job responsibilities included cooking at the restaurant.

12. Plaintiff was promised a regular rate of pay of $10.00 per hour and worked in excess of 40 hours per week. City Cafe willfully refused to pay Plaintiff his wages and overtime compensation.

13. City Cafe has maintained records of those hours that Plaintiff worked for which Plaintiff was paid.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES

14. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

15. At all relevant times, City Cafe was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, City Cafe employed Plaintiff within the meaning of the FLSA.

17. At all relevant times, City Cafe had a uniform policy and practice of willfully refusing to pay Plaintiff and other non-exempt employees for all hours worked.

18. As a result of City Cafe's willful failure to compensate Plaintiff for all hours worked, City Cafe violated the FLSA.

19. City Cafe's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

20. Due to City Cafe's FLSA violations, Plaintiff is entitled to recover from City Cafe, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

21. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

22. At all relevant times, City Cafe was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23. At all relevant times, City Cafe employed Plaintiff within the meaning of the FLSA.

24. At all relevant times, City Cafe had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty hours per work week by Plaintiff.

25. As a result of City Cafe's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, City Cafe violated the FLSA. 29 U.S.C. §§ 207(a)(1) and 215(a).

26. City Cafe's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Due to City Cafe's FLSA violations, Plaintiff is entitled to recover from City Cafe compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## BREACH OF CONTRACT

28. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

29. City Cafe agreed to pay Plaintiff a wage of $10.00 per hour for work at the City Cafe restaurant. Based on this agreement, Plaintiff worked for City Cafe.

30. City Cafe has refused to pay Plaintiff the wages owed to him under federal and state law.

31. Plaintiff has complied with the terms of the agreement with City Cafe by working as a cook at the restaurant.

32. City Cafe has breached the agreement and caused damages to Plaintiff by failing to pay wages and overtime compensation as required by law.

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against City Cafe:

    A. An award of compensation for unpaid wages to Plaintiff;

    B. An award of unpaid compensation for overtime to Plaintiff;

    C. An award of liquidated damages to Plaintiff;

    D. An award of prejudgment and post-judgment interest to Plaintiff;

    E. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

    F. Such other and further relief as this Court deems just and proper.

This 14th day of October, 2015.

                                      **HALL & LAMPROS, LLP**

                                      /s/ Christopher B. Hall
                                      Christopher B. Hall
                                      HALL & LAMPROS, LLP
                                      Ga Bar No. 318380
                                      1230 Peachtree St. N.E.
                                      Suite 950
                                      Atlanta, GA 30309
                                      (404) 876-8100 telephone
                                      (404) 876-3477 facsimile
                                      chall@hallandlampros.com
                                      ATTORNEYS FOR THE
                                      PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.